925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SIEMENS-ELEMA AB and ELEMA-SCHONANDER, INC., Plaintiffs-Appellants,
v.
PURITAN-BENNETT CORPORATION, Defendant/Cross-Appellant.
 Nos. 90-1178, 90-1203.
 United States Court of Appeals, Federal Circuit.
 Jan. 28, 1991.
Rehearing Denied Feb. 27, 1991.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Siemens-Elema AB and Elema-Schonander, Inc. (Siemens) appeal the portion of the judgment by the United States District Court for the Southern District of California (No. 86-1728, dated June 15, 1989) holding that United States Patent No. 3,741,208 ('208 patent) is invalid and unenforceable, and that the 7200 Microprocessor Lung Ventilator of the Puritan-Bennett Corporation (Puritan) did not infringe the '208 patent. Puritan cross appeals the portion of the judgment denying its request for attorney fees. We affirm the district court's holding that the '208 patent is unenforceable and its denial of attorney fees. Because the '208 patent is unenforceable, we need not consider the remaining issues.
 
 OPINION
 
 2
 * Siemens argues that the district court misconstrued claims 1, 2 and 12 of the '208 patent when it did not conclude that they were limited to an electronic embodiment of the disclosed lung ventilator. According to Siemens, the Johnson articles and the Swedish AGA patent related to mechanical lung ventilators and were not material to the prosecution of the '208 patent. Thus, Siemens argues that the failure to disclose them to the examiner does not amount to inequitable conduct.
 
 
 3
 A finding of inequitable conduct by the district court is reviewed on appeal under an abuse of discretion standard. Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 9 USPQ2d 1384 (Fed.Cir.1988) (in banc). However, Siemens' contention that the district court misconstrued the claims requires that we first examine that claim construction, which, as an issue of law, is reviewable de novo. See Specialty Composites v. Cabot Corp., 845 F.2d 981, 986, 6 USPQ2d 1601, 1604 (Fed.Cir.1988).
 
 
 4
 We are convinced that the district court properly construed the claims of the '208 patent. The language of the claims does not explicitly limit the invention to an electronic device. Moreover, there is substantial evidence of record to refute Siemens' argument that certain terms in the claims, such as "signal," "difference signal," "measuring," and "reference signal," denote or imply that the claims are directed exclusively to an electronic lung ventilator.
 
 
 5
 Siemens' own expert testified that the term "signal" is utilized in the mechanical art. He could point to nothing in the specification that restricted any of the disputed terminology to the electronic device disclosed in the specification of the patent. Moreover, the specification states that "[t]wo different embodiments of the lung ventilator according to the invention will be described with reference to the accompanying drawing" and essentially the same language is used to describe both embodiments. Neither the specification nor the testimony indicates that any special meaning should be given to the terms on which Siemens relies. Cf. E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 849 F.2d 1430, 1433, 7 USPQ2d 1129, 1131 (Fed.Cir.), cert. denied, 488 U.S. 986 (1988); ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1580, 6 USPQ2d 1557, 1560 (Fed.Cir.1988); Constant v. Advanced Micro-Devices Inc., 848 F.2d 1560, 1571, 7 USPQ2d 1057, 1064 (Fed.Cir.1988).
 
 
 6
 The record also shows that the terms which Siemens contends have the effect of limiting the claims to an electronic device are present in other patents and in texts to describe the operating characteristics of mechanical devices. The Ollivier Patent, No. 3,756,229, for example, refers to both "signals" and "difference signals" to describe the function of its mechanical ventilator. Finally, Puritan's expert testified regarding the terms at issue and was able to read claims 1 and 12 on the mechanical device disclosed in the specification of the '208 patent. Other arguments put forth by Siemens are similarly unconvincing. We therefore conclude that the district court did not err as a matter of law in interpreting claims 1, 2 and 12 of the '208 patent to cover both the mechanical and electronic embodiments of the lung ventilator disclosed in the specification.
 
 II
 
 7
 As we have noted, the district court's finding of inequitable conduct is a discretionary determination, Kingsdown, 863 F.2d at 876, 9 USPQ2d at 1392, which is based on the factual findings that (1) the withheld information was material, and (2) that there was an intent to conceal such information. Allen Organ Co. v. Kimball Int'l, Inc., 839 F.2d 1556, 1567, 5 USPQ2d 1769, 1778 (Fed.Cir.), cert. denied, 488 U.S. 850 (1988).
 
 
 8
 On materiality, Siemens argues only that the district court failed to interpret the claims as being limited to the electronic embodiment. It does not dispute the materiality of the undisclosed references under the district court's construction of the claims. Accordingly, since we have affirmed the district court's claim construction, materiality is established.
 
 
 9
 The record similarly supports the district court's finding that "Siemens (the inventors and their Swedish attorneys) acted with deceptive intent" in concealing the nondisclosed references. The withheld Swedish AGA patent was a roadblock to obtaining a patent in Sweden under Siemens' grandparent application spanning the entire period of the prosecution of the application that became the '208 patent. These circumstances caused the district court to conclude that the nondisclosure of this reference evidenced deceptive intent. See American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1363 (Fed.Cir.1984); FMC Corp. v. Manitowoc Co., Inc., 835 F.2d 1411, 1417, 5 USPQ2d 1112, 1115 (Fed.Cir.1987). Other evidence of record, including the letter from Siemens' attorney in Sweden to the attorney in the United States who was assisting in the prosecution, further supports the district court's finding of intent to conceal material information.
 
 
 10
 Since the district court's findings of materiality and intent to conceal are supported by the record, we cannot say that it abused its discretion in concluding that Siemens engaged in inequitable conduct before the United States Patent and Trademark Office.
 
 III
 
 11
 Puritan has appealed the district court's denial of the attorney's fees under 35 U.S.C. Sec. 285. The lengthy findings of fact and the opinion of the court show that it was fully cognizant of all of Siemens' conduct before the Patent and Trademark Office. The court nevertheless declined to find the case exceptional. The award of attorney fees is a discretionary matter for the trial court, Reactive Metals and Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582, 226 USPQ 821, 824 (Fed.Cir.1985). We have not been presented an adequate basis in this case for concluding that the court abused its discretion.